**Brian RUSSELL, By and Through his parents Edward and Lynn RUSSELL, and Edward and Lynn Russell, Plaintiffs,**

v.

**JEFFERSON SCHOOL DISTRICT, Defendant.**

No. C–84–0308–CAL.

United States District Court, N.D. California.

April 16, 1985.

Michael A. Zatopa, San Francisco, Cal., for plaintiffs.

James P. Fox, Dist. Atty., Michael L. Vinson, Deputy, Redwood City, Cal., John B. Hook, G. Gregory Williams, Long & Levit, San Francisco, Cal., for defendant.

## OPINION AND ORDER OF REMAND

LEGGE, District Judge.

The case was tried to the court without a jury. The court has jurisdiction under the Education of the Handicapped Act (the "Act"), specifically 20 U.S.C. § 1415(e)(2).

The complaint originally encompassed several causes of action. However, by stipulation the parties modified the complaint to limit the alleged cause of action to claims arising under the Act. The parties have also stipulated that all procedural requirements under the Act, including all steps to be taken by both plaintiffs and defendant, have been performed.

The court has reviewed the record of the administrative hearing conducted by the State of California, and has heard and considered the additional written and testimonial evidence presented by both parties.

I.

Plaintiff Brian Russell is a boy of approximately nine years of age. Because of medical incidents occurring both before and at birth, he is severely handicapped. It would serve no purpose here to recite all of the child's difficulties. Suffice to say that they include at least three categories: He has severe physical problems, which result in his being small and fragile for his age; he has difficulty walking and has a surgical shunt in his brain. Second, he has deficiencies of intelligence and comprehension, which educators call "cognition." Third, he has difficulties in language and communication, which educators refer to as "language." It is agreed that Brian is a multi-handicapped child, and that his overall functions are at a level of approximately three to four years of age. He is a "handicapped child" within the meaning of 20 U.S.C. § 1401(1).

Both Brian's parents and the defendant district[1] have sought to provide the best education they can for Brian's limited learning capabilities. Since even before normal school years, Brian has been in special educational and physical training programs. Defendant prepared an individualized education program ("IEP") for Brian, as required by the Act; 20 U.S.C. §§ 1401(19), 1414(a)(5). Brian has been

1. A "local education agency" within the meaning of 20 U.S.C. § 1401(8).

most recently in defendant's program for severe disorders of language ("SDL"). But both parties agreed at trial that SDL is not the proper educational placement for Brian, and pending the resolution of this action Brian is receiving home tutoring.

## II.

In 1983 the district reassigned Brian from its SDL program to its program for the trainable mentally retarded ("TMR").[2] Brian's parents objected to the TMR placement. They initiated appropriate proceedings under section 1415(b) of the Act, to challenge both the proposed TMR placement and certain aspects of Brian's IEP. Pursuant to the requirements of the Act (20 U.S.C. § 1415(b)(2), a hearing was conducted in 1983 by a State hearing officer. The State hearing officer did not change Brian's IEP, and it confirmed the decision of the defendant that the TMR placement was appropriate for Brian. Brian's parents then initiated this action under 20 U.S.C. § 1415(e).

## III.

■ It is important to define the standard for this court's review. The function of this court is not to assume the role of either the parents or the school district in deciding upon the best education for Brian. Instead, the court's more limited role has been defined by Congress and by the United States Supreme Court.

20 U.S.C. § 1415(e)(2) provides that this court "shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate."

The scope of this court's review under that section has been circumscribed by the United States Supreme Court in *Board of Education v. Rowley,* 458 U.S. 176, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982). The Supreme Court stated that the district court's review is not just appellate; that is,

affirming any decision supported by substantial evidence. Instead, this court is to give "due weight" to the administrative proceedings (458 U.S. pages 205–206, 102 S.Ct. pages 3050–3051), and its further inquiry should be taken in two steps. The first step is to examine whether defendant complied with the procedures set forth in the Act. In this case, it is stipulated by both plaintiffs and defendant that all appropriate procedures were followed. In addition this court examined the procedures giving rise to this case, and finds that all of the requirements of 20 U.S.C. § 1415(a), (b), (d), and (e) were met. The second step is for this court to determine whether "the individualized education program developed through the Act's procedures [is] reasonably calculated to enable [Brian] to receive educational benefits" (page 207, 102 S.Ct. page 3051). In that regard, the Supreme Court said that the district court must "determine that the State has created an IEP for [Brian] which conforms to the requirements of § 1401(19)" (footnote 27). However, the Court added that district courts "must be careful to avoid imposing their view of preferable education methods upon the States" (page 207, 102 S.Ct. page 3051).

This court's review here includes not only Brian's IEP, but also the issue of the proper special educational program for him. Under 20 U.S.C. § 1415(b)(1)(E), the parents have the right to challenge the "educational placement of the child, or the provision of a free appropriate public education to such child." The parents did so here and in the State hearing, specifically objecting to the proposed placement of Brian in the district's TMR program. That was a subject of the State hearing and is properly in issue before this court. However, as stated, this court's review of that issue is limited to the powers given to it by Congress and as defined by the Supreme Court in *Rowley.*

## IV.

The issues now before this court are the following: (a) The question whether this

**2.** TMR and SDL are both "special education" programs under 20 U.S.C. § 1401(16).

court can consider, without prior review by the State hearing officer, a detrimental change which occurred in Brian's physical condition in 1984 after the formulation of his current IEP and after the decision of the hearing officer in this matter; (b) Brian's IEP; and (c) The appropriateness of his placement in TMR.

### A.

In July 1984, Brian underwent an orthopedic operation. The evidence is clear that the operation rendered Brian even more physically frail, with great difficulties in walking and an inclination to stumble and fall, which conditions will last for the indefinite future.

Plaintiffs ask this court to consider that fact in deciding whether Brian's IEP is appropriate and what his special education placement should be. Defendant objects that the operation occurred after both the defendant's decision and after the State hearing. Defendant argues that if this fact is to be considered, it should first be remanded for the consideration of the defendant and the hearing officer.

For the following reasons, this court is of the opinion that it can consider the operation, in addition to the facts contained in the hearing record, in order to determine whether Brian's present IEP and special education placement are lawfully appropriate. However, the district and the hearing officer should have the first opportunity to decide the impact of that operation on Brian's future education.

Brian's physical condition was clearly in issue in the 1983 hearing; the subject as a whole is not a new matter in this court. Plaintiffs' counsel stated in the letter initiating the hearing that Brian should not be with physically active children, and should be in a program that can accommodate his physical disabilities. While the orthopedic operation was subsequent to the hearing, it was another event in Brian's on-going physical problems.

The scope of the action before this court is "with the respect to the complaint presented pursuant to this section," which refers to the complaint which the parents made to the hearing authority below; 20 U.S.C. § 1415(e)(2). This language might suggest that this court can consider only matters previously brought to the attention of the hearing officer. But that section also provides that the court shall "hear additional evidence," which certainly states that the court is not limited by the *record* made before the hearing officer. And that section authorizes the court to "grant such relief as the court determines is appropriate."

In addition, during the pendency of court proceedings dealing with the education of handicapped children under the Act, it is likely that their physical, mental and educational conditions will change over time. Those changing conditions could result in a series of civil actions and referrals back to hearing officers whenever there were changes in conditions. The courts would then be making decisions about children's education based on information which is months and perhaps years old. And there could be lengthy delays before reaching decisions. This case was tried one year and four months after the decision of the hearing officer.

Although the scope of this court's review starts with the proceedings before the hearing officer as its foundational base, the court does not feel that it serves the Congressional intent of the Act to limit the court's review to only those evidentiary facts which were specifically before the hearing officer.

This court will therefore consider Brian's 1984 operation, and the consequences of it, in determining whether Brian's IEP and present placement are lawfully appropriate. Since this court concludes below that they are not, the district and hearing officer will have the first opportunity to revise Brian's IEP and recommend a placement for Brian to accommodate his future educational needs, including the impact of the operation. This will enable the court, the district and the hearing officer to perform the res-

ponsibilities assigned to each by Congress under the Act without undue delay.[3]

### B.

■ Brian's parents challenge the IEP which was developed for him by defendant. Their challenge is that the IEP does not address all areas of the child's needs; that is, cognitive, physical, and language. Plaintiffs seek an amendment to his IEP to address all three areas of need. This is a remedy requested by this action, and one which is within the powers of this court under *Rowley.*

Defendant argues that plaintiffs waived this claim for relief. The decision of the hearing officer does state that the parties "agree that [the IEP] is appropriate and complete." However, based upon an examination of the record, the court finds that that statement was incorrect: Plaintiffs' counsel first stated his objection to the IEP in writing, on the face of the IEP. The request for a hearing, which initiated these proceedings below, expressly objected to the IEP and placed it in issue. And plaintiffs' response to a request for admissions denied that plaintiffs admitted the correctness of Brian's IEP.

Defendant's argument for waiver is based upon pages 1 and 2 of the transcript of the hearing. The court has reviewed that transcript, and finds that those statements did not constitute a waiver. At most there was an agreement over the "goals" set forth in the IEP. But even those statements were at most equivocal, and the hearing officer stated on the record that the definition of the issues might "become more refined as we proceed," because they had to cut short the pretrial conference portion of the hearing in order to accommodate a witness. In short, the transcript is not sufficient to constitute waiver of the clear objection to the IEP which plaintiffs made, and which was one of the grounds for the initiation of the hearing itself.

■ The court has reviewed the IEP, the decision of the hearing officer, and the record of that hearing, and has considered the additional testimony and records offered by the parties. The court concludes by a preponderance of the evidence that Brian's IEP does not meet the statutory requirements of 20 U.S.C. § 1401(19). Specifically, because the IEP does not address all three categories of Brian's handicaps,[4] it does not "meet the unique needs of [the handicapped child]." And the IEP does not contain an adequate "statement of the specific educational services to be provided to [such child]." Within the language of *Rowley,* the court finds that Brian's present IEP is not "reasonably calculated to enable the child to receive educational benefits."

This matter must therefore be remanded to the defendant district for the purpose of formulating a new IEP for Brian which addresses all three areas of his handicaps.

### C.

■ The parties have now agreed that the SDL program in which Brian is now formally placed is not appropriate for him. Defendant believes that the appropriate placement is in the TMR program at one of its schools. Plaintiffs ask this court to determine that the TMR placement is not appropriate for Brian, and to order the district to arrange and pay for a private school placement in a program for multi-handicapped children. The evidence demonstrated that there are such programs available in the area of plaintiffs' residence.

This issue was before the hearing officer. In paragraph number three of the request for hearing, plaintiffs expressly asked that "if neither the TMR program nor Brian's current placement are determined to be appropriate, the Russells request non-public school placement."

---

**3.** The court therefore admits plaintiffs' exhibit No. 1 into evidence.

**4.** Brian's physical handicaps were not adequately addressed, even if the 1984 operation is excluded from consideration.

As stated, the district and the hearing officer determined that TMR was the appropriate placement for Brian. Plaintiffs contend that TMR is primarily designed for children with cognitive problems, and that it does not adequately take care of Brian's needs for language education and physical care. More specifically, they believe that placing Brian in the TMR class would present serious physical dangers to him. The district, on the other hand, contends that the TMR program is adequate to address all three of Brian's needs, and that special modifications can be made to the program to care for the sincere concerns over Brian's safety.

This court reviewed the record and considered the other evidence regarding the TMR program. Most of the children in the program have cognitive problems. There are approximately twelve children in the class, although class size can be as low as ten. The children are eight to ten years of age, approximately Brian's chronological age but much ahead of him in physical development. Most are much larger and healthier. Many of the children have Downs Syndrome; they are children who are physically active and affable, but who have serious cognitive problems; and because of this combination of characteristics they could pose a physical danger to Brian, albeit accidentally. The physical concerns were evidenced not only by plaintiffs but also by expert witnesses. The physical concerns are enhanced by Brian's 1984 operation. There was also conflicting testimony on the degree to which the TMR program could address Brian's third category of educational need, language.

The court finds by a preponderance of the evidence that defendant's TMR program does not address Brian's needs for physical safety and language development. The court finds that the TMR program is not "reasonably calculated to enable [Brian] to receive educational benefits" to which he is entitled under the Act.

The issue of Brian's proper placement in another special educational program is therefore remanded to the district for further consideration. That further consideration should include an amended IEP for Brian, and consideration of the impact of Brian's 1984 operation. If the district concludes that in view of the revised IEP, none of its special educational programs other than TMR meet Brian's needs, then the district must provide appropriate private school placement. If plaintiffs do not agree with the district's decision on remand, they have appropriate remedies under § 1415(b) and following.

### V.

IT IS ORDERED that this matter is remanded to the defendant district, for the following proceedings to be conducted immediately:

1. Modification of plaintiff Brian Russell's individualized educational program, to include adequate provision for all three categories of his handicaps and educational needs;

2. Evaluation of the impact of plaintiff Brian Russell's 1984 operation, in formulating his amended individualized educational program and deciding upon his placement in a special education program.

3. Decision on an appropriate special education placement for plaintiff Brian Russell consistent with his revised individualized educational program.

If after revising plaintiff Brian Russell's individualized educational program, the district concludes that the only special education program which it has is TMR as now constituted, which the court finds to be inappropriate, the district is to provide for appropriate non-public school education to meet Brian's educational needs.

Pending the above procedures, plaintiff Brian Russell may remain in his present educational status; that is, receiving home tutoring.